Good morning, Your Honors. May it please the Court, my name is Drew Sherbin from the Adly Law Group. I represent the appellant and I'd like to reserve three minutes for rebuttal if possible. Your Honors, as this case comes to you on a summary judgment ruling, you do have de novo review and get to look at the evidence fresh. The defendant moved for summary judgment claiming that by matter of law it could only be found that there was no breach of fiduciary duty, that there was no reasonable person that would look at the evidence and find that there was a breach of fiduciary duty. We disagree. We disagree because there are no less than 22 different violations of their own manual of procedure as to the steps that they should have taken to be compliant with the Code of Federal Regulations in processing the legal process order that came through, which we're not sure really where it came from, but it had the effect of removing $200,000 or a little less than $200,000 of the appellant's retirement fund. Why don't you get into the specifics, because it appears generally that all that money is supposed to be held. Well, there was a lot that was held. How is that a breach of fiduciary duty? You say 26 ways. Correct, Your Honor. Start with one, then. Not a problem. Thank you for asking that question. And we did list them in our briefs. So, for example, they are supposed to have two eyes reviewing people when the request or the money amount is over $100,000. There is no evidence in the record to show that there was two sets of eyes that looked at it. The order that's supposed to come through is supposed to be signed by a judge or an agency of competent jurisdiction. That did not happen. They were supposed to hold the money for a certain amount of time, and then — Wait a minute. On the second one, does the Israeli order not count? Wasn't that signed by a judge? The Israeli order was not part of what the documentation that the thrift savings plan got. That's a subsequent violation, actually, as well, is that they did not have the decision. So not only did they not have the Israeli judge signature, because they didn't have the order when they got the documents from the Contra Costa County — well, they didn't actually get it from an agency, a State agency, actually. Well, counsel. Yes. Is that true, that they didn't get anything from a State agency? Thank you for asking that question, Your Honor. It is true that they didn't get anything from a State agency, because the documentation that came to the — to the thrift savings plan was from the State disbursement unit. The State disbursement unit is not a State agency. Isn't that a part, though, of the child services State agency? It is actually not, Your Honor. If you look at the website for DCSS, you look at the State disbursement unit website, and we've included that in our briefing. There was. The State disbursement unit is not a — it's not even considered a State agency at all, actually. The State of California is not listed as an agency on their website, because what it was, it was created as a conduit. It's a subunit. It's a subunit. Do you dispute that it's a government agency? Correct, Your Honor. It's not considered by the State. Well, look. Wait a minute. Wait a minute. If you look at the document itself, the one dated — let's see. I can't tell what the exact date is, but it says Child Support Collections Order to Withhold. Yes. And — oh, it's 8-9-2012. Okay. Right? So, if you just look at that, up at the top it says State Disbursements Unit, like you said. Correct. The O box is West Sacramento, California, and it lists some numbers, has your client's name, has the amount. If you look at the footers, it says down at the bottom, State of California, Health and Human Services Agency, Department of Child Support Services. And you're telling us that's not a state agency? State Disbursement Unit is not a state agency. No, no, no. It says in the footers, the State of California, Health and Human Services Agency, Department of Child Support Services. I would agree that — And this says State Disbursement Unit, doesn't it? It suggests that the State Disbursement Unit is part of Department of Child Support Services. It might suggest that, but that's the question. And, Your Honor — Or doesn't that demonstrate? Maybe I was not being clear enough. Your Honor, thank you for asking that. I would say, no, it does not demonstrate that the State Disbursement Unit is a subagency of the DCSS, and, in fact, it is not. The — Well, counsel, under the statute, the agency just has to be an administrative agency of competent jurisdiction. Correct. Correct? Correct. So even without quibbling as to whether or not it's a subunit of the state agency, do you take issue with the fact that it is an administrative agency of competent jurisdiction? I do, Your Honor, because the State of California does not even consider it an agency at all or a subunit of it. It's not — it's a conduit. It's not anything that is considered can act on its own behalf. So the State of California would list it as the instrumentality of collection without adopting it as part of its system? Essentially, it's yes, because if you go to the State of California website, which I did, and you look at the — Well, the website is no more authoritative than the letterhead. It's not as authoritative as the letterhead because it's just kind of an informational — I would agree with you, Your Honor. Fair point. Thank you. But that begs the question, why nobody took a look, why nobody took a second pause? I mean, that's what a fiduciary is supposed to do. It's not supposed to just rubber stamp the documents that are coming through, Your Honor. They — you know, in the footer, there's that — as His Honor pointed out, there's — in the footer, there says something about the DCSS, but in the top, it says State Disbursement Unit. And in fact, in that document that His Honor pointed to, it says that the money is supposed to be sent to the State Disbursement Unit at that address, not the DCSS. And in the manual of procedures for the — the — the Thrift Savings Plan, it specifically says we work with the State agencies of — for child services. It does not mention anything about State Disbursement Units or money conduits or anything like that. So if that's the guideline, and that manual of procedures is the — is what is created for the employees of the TSP to follow the Code of Federal Regulations. So they are compliant with that code. And so when they violate those 22 different — no — no less than 22 different ways they violated that manual of procedures, they are violating the Code of Federal Regulations, which it's inherent that if you do violate the Code of Federal Regulations, it's an automatic — it's considered automatically a breach of fiduciary duty. Okay. So then, I guess the same day or whatever, pretty soon thereafter, on 8-9-2012? Yes. There was another order sent to the Thrift Savings Plan, right? No, Your Honor. What was that? It was one document. It was one document. Order to freeze C's Thrift Savings Plan account. It's one document that came through multiple pages, Your Honor. And if you look at the So it was a fax, and it shows there was about 15 pages, I think it was. And those — it was — all came together, and not one of those documents that — that the TSP can consider says Department of Child Social Services at the top. Well, this one says — I'm reading — California Department of Child Support Services. At the top? Right there. Is it — Department — California Department of Child Support Services. And — Order to freeze C's Thrift Savings Plan account. Does it — and that's also the cover letter, right? No. You have a — It says, type of account, civilian employee, 1,000 — 158,256. Please remit funds to the address below and include the participant CSE ID number. And the address below is not the Department of Child — Well, it says State Disbursement Unit. Correct. And it has your client's ID number. And here's the part, Your Honor, is that as a fiduciary to my client, when the document comes through, it is not — it is a number of pages. It says State Disbursement Unit at the top. It's not a State agency. And then any document that says where to send the money, it says to send it to a third-party address, a third-party State Disbursement Unit at a third-party address, not the agency, where in the Manual of Procedures, Manual of Procedures, the guidebook to keep compliant with the Code of Federal Regulations, says we deal with the State agencies, the Department of the State — the various States' child family services agencies. And that's where the money is sent. But this document is telling the TSP to send it to a third party that is not a State agency, and nobody knows where this money is going. The fact remains that there are violations by not following the procedures in the manual and not even once looking up and saying, wait a minute, let's check on this. And, in fact, it does say in the Manual — Let me ask you this. Did you ever determine where — what the State Disbursement Unit did with the money? It sent — yes. It sent it to Israel. Sent it out overseas. So it dispersed the money. Well, manner of speaking, yeah. And it was the State Disbursement Unit of the Department of Child Support Services. No, it's not. Okay. All right. It's not the State Disbursement Unit of Child Support Services. All right. Do you want to save some time for rebuttal? I've — am I at 12 minutes already? You're at — you've got three minutes and 21 seconds. And I would like to save that time for rebuttal. All right. We'll hear from the government. Good morning, Your Honors. May it please the Court, Michelle Loh on behalf of the Federal Retirement Thrift Investment Board and its Executive Director. There are three requirements that the child support order at issue here had to satisfy in order to qualify as legal process that the Board would honor. It's not disputed that the order expressly related to the TSP and that it required the payment of a sum certain of $158,258.66 from plaintiff's account. I'll get right to whether it was issued by a competent authority. Now, the plaintiff had said, well, it wasn't signed by an administrative agency. The regulations require that it be issued by a competent authority. And there was such a competent authority here, the California Department of Child Support Services. A signature was not required because this DCSS order is already founded on an existing court order, that existing court order being the order by the Contra Costa Superior Court that granted a motion to enforce the Israeli, the underlying Israeli child support order. So that was the basis that came to the Federal Retirement Thrift Investment Board from the California DCSS. Now, the order itself, on its face, reflects that it was issued by DCSS. That was the order I just read. That's right. The order that you just read, it was a cover letter with the letterhead from DCSS. But the order itself are the pages that follow the cover letter, the actual order to withhold. On the face of the order to withhold itself, it is a DCSS form. And as Judge Paez noted, it has in the bottom right footer the State of the Department of Child Support Services. So there's no dispute that this order came from and was issued by DCSS. Not only that, before the district court, we supplied a declaration from a DCSS attorney explaining that this was an order that came from DCSS. And the plaintiff's own complaint at paragraph 22 alleges that this was an order issued by DCSS. The fact that it directed payment to the California State Disbursement Unit doesn't change the fact of issuance of the order by DCSS. Now, there was consistent with the regulations verification of the payment by two personnel within the Legal Processing Unit at TSP. And therefore, once the board determined that the child support order was regular on its face, that is the end of its inquiry. And it had to comply with the child support order. And it did so. And the Social Security Act at Section 659F says once the United States complies with a legal process that it's regular on its face, no liability can attach. I just want to briefly address the need. Could I just ask you one question with respect to the overall process? Yes. So after the money is sent to California, and California then disperses it, sends it to Israel, does California then sort of relate back to the board that it received the money and that it dispersed it? I don't know about that process. I don't know that that was ever communicated back to the board. But the board did send the money to California. And beyond that, the board has no further involvement in what happens to the funds. Their obligation is to make sure it's a proper legal process. That's correct. That meets their regulations. And once they do that, they send the money? That's correct, yes. They're done. Right. And what California does with the money is a whole other thing. That's right. And it's also not for the board to inquire into that process or even the underlying court proceedings that led to litigation. Understood. For obvious reasons. You're going to make another point. And I would — the other point I would raise, I just wanted to briefly address the point that there have been no fewer than 22 violations. There were seven that were discussed, seven allegations that were discussed before the district court. And that's all that the district court considered, because that was all the argument that was presented by Mr. Rasooli. So I'm not sure what these additional — if it's 15 on top of the seven. But I would just note that in the reply there are, I believe, 17 reported violations that are listed. None of these were raised before the district court. And the appellant should have forfeited these arguments by not raising them. Okay. Thank you. Just briefly get to the — I'd like to turn to the denial of oral argument by the district court. This court has held that the denial of oral argument on a motion for summary judgment is not reversible error absent a showing of prejudice. There can be no showing of prejudice here, where the appellant had ample opportunity to present a memorandum in opposition and evidence that he wished to submit. Notwithstanding the fact that his submissions violated the — We can't hear you, counsel. Oh, I'm sorry. Notwithstanding the fact that appellant's submissions before the district court did not comply with local rules, the district court still considered them. And, therefore, he was not deprived of the opportunity to make any argument that he wished in opposition to our motion for summary judgment. Does it make any difference since we're having an argument today and our review is de novo? Well, he — and I think that's what the Ninth Circuit has said. You know, he has the opportunity to then raise any issues that he wishes on appeal, and he has the opportunity to be heard at that point. But I think what we would say, bottom line, is that there is no prejudice because he wasn't deprived of any opportunity. Okay. So unless the court has further questions, we would submit and respectfully request that the court affirm the district court's decision. Okay. Thank you. Thank you. Thank you, Your Honors. A few points I'd like to make real quick. As you mentioned, de novo review. This is their motion for summary judgment. The evidence needs to look at in the light most favorable to the nonmoving party, us. And when you look at the evidence in the light most favorable to the nonmoving party, I think when you add that to the 20 or even 7 violations of the manual procedure which follows the Code of Federal Regulations, I think there's no other choice but to find that there is an issue of fact that needs to go to the trier of fact. In regards to the documents that came over to the TSP, there is no indicia of being from a State agency, like I said, the State disbursement unit. And the cover letter, Your Honors, that my colleague referred to, in their manual procedures, it says they cannot rely on information on the cover letter. So anything that's on the cover letter cannot be relied upon. That's the only page that said at the top this is from the DCSS, the California DCSS. So they cannot rely on that. Every other page said State disbursement unit, which is a not a State agency. The court order needed to be included in these documents that came over to the TSP. It wasn't. And they do have an obligation to look into the court orders to make sure that it is fair. And that's why there's the requirement that it's included with the documentation. And I would disagree that the board is not there to send the money to the State. Their job is to be the fiduciary for the Federal employees, for all of you, including the appellant. That's their job, not to make sure that the money goes to the State of California. Their job is to look after the Federal employees' retirement fund and be a fiduciary for them. Sotomayor Well, it's their job to send the money if they are directed to by an appropriate administrative agency. That's part of their job as well. Part of their job, as long as the information that comes over follows all the procedures and has all the checks and balances that their manual, the Code of Federal Regulations, requires. And this did not. That's the problem. This did not have all the things that is required according to the manual procedures that they need to follow. And nobody looked up. Not once. A fiduciary did not look up. And that's the problem. Once again, Your Honors, this is a motion for summary judgment brought by the defense defendants. The evidence needs to be looked at a light most favorable to us. And when you see that, nobody looking up, that the information was not contained on the documents, then it cannot be said as a matter of law that no reasonable person could find that there wasn't a breach of fiduciary duty. And in regards to the evidence that came, that was presented, there's not one shred of evidence was admissible. There was no foundation, no authentication, nobody with personal knowledge. The DCSS attorney that my colleague spoke about, she was verifying county documents, not DCSS documents. She was not – she did not create them. She did not watch them being created. There's no foundation, no authentication. Not one piece of evidence. Thank you, Your Honor. Thank you. We will submit this case at this time. Thank you very much. And that ends our session for today and for the week. Thank you.
judges: Murphy, Paez, Rawlinson